RAMÓN MONTANER, Manager of the STATE INSURANCE FUND, Petitioner, v. THE INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent, and EDUARDO M. PÉREZ, Petitioner before the Industrial Commission.

No. 218. Argued March 24, 1941.—Decided March 28, 1941.

George A. Malcolm, Attorney General, E. de Aldrey, Assistant Attorney General and Víctor J. Vidal González and G. Atiles Moréu, attorney of the State Fund, for petitioner. Virgilio Brunet and José L. Novas, for the workman.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The Manager of the State Insurance Fund requests the reversal of the order rendered by the Industrial-Commission on January 3, 1941, whereby the petitioner was ordered to pay the expenses incurred by the employee, Eduardo M. Pérez, for the fixing of two teeth which were broken in a labor accident.

Pérez is an employee of the Department of the Interior. The accident in which he suffered the fracture of two teeth happened on September 28, 1939. On October 10 of the same year he was discharged as cured and without incapacity. On November 3, 1939, Pérez appealed to the Industrial Commission alleging that he did not accept the decision of the Fund's Manager because he had refused to pay for the treatment of the two fractured teeth. Neither the commission nor the petitioner did anything until October 11, 1940, at which date the Commission issued an order to the Manager to answer within five days "if indeed he had refused to pay for the treatment of the teeth." On October 21, the Manager reported "that he has not performed any payment for the loss of the teeth of this employee because he understands that said loss does not constitute an industrial incapacity compensable according to law". After receiving the report of the Manager, the Commission set the day of November 18, 1940 to hear the parties as to, "whether the

repair of the teeth which were broken as a result of the accident suffered by the employee is to be considered as part of the treatment".

At the hearing before the Commission only Mr. Pérez testified, and said: that he was working in a test pile and he had a scaffolding set up, and a piece of wood slipped, falling on top of his head and causing the fracture of two teeth; that the injury to his head amounted to nothing, but that it seems that when he closed his mouth, the fracture of his teeth took place; that he was treated by Dr. Pedro G. del Valle for nearly two months, going there every day, and that the dentist charged $64.00, according to the bill which he offers; that when he came to the State Fund so that they would see the fracture he suffered, he was attended by Doctors Coll Cuchí and Curbelo, who stated that "they would have my teeth pulled"; that he did not agree to have his teeth pulled out and he then appealed to the Commission to recover what the repair of both teeth had cost; that he did not request compensation for the injuries suffered in the head, nor for the loss of salary; that the fractured teeth were natural or original teeth; that the doctor of the Fund told him the only solution was to pull out both teeth; that he thought that that was the decision of the Manager.

During he hearing of the case, the Manager, petitioner herein, based his opposition on the fact that according to the law, the loss of teeth does not constitute the "disfiguration" which gives a right to the injured workman to claim compensation because said disfiguration does not affect the earning capacity of the workman. No question was raised there as to whether the injured workman has the right to claim the cost of the treatment received from his private dentist after said treatment has been refused by the State Insurance Fund. That question was raised for the first time by the Manager of the Fund when he moved for the reconsideration of the order of the Commission.

From the record it appears that when the claimant Pérez appealed to the Industrial Commission the repair of his teeth had already been performed.

The only issue we have to consider and decide is whether an injured workman, who does not agree with the treatment offered to his injuries by the Manager of the State Fund, may, without the intervention or previous authority by the Commission, go to a doctor or dentist for his treatment and once that he is cured, appeal to the Commission to claim the payment of the doctor's or dentist's bill.

The legislator, thinking undoubtedly that in the practice disagreements would occur between the Manager and the injured workman, provided by Section 5 of the Workmen's Compensation Act, approved April 18, 1935 (Act No. 45 of 1935, Vol. 1, page 250) the following:

"Section 5.—During the period of disability, the workman or employee who is injured or sick under the circumstances covered by this Act, shall submit to treatment and examination, at reasonable times and places, by a competent physician designated by the Manager; *Provided,* That if the Manager does not provide the workman or employee with adequate attendance, the said workman or employee may appeal to the Industrial Commission which, after an investigation by a physician designated for the purpose, shall order such attendance as may be proper in the case, and the Manager shall comply with the order of the Commission; . . ."

In the case at bar, the injured workman acted within his right in refusing to allow that his teeth should be pulled out, and in insisting that the State Insurance Fund should provide the necessary professional assistance to save his fractured teeth and to leave them, if possible, in the same manner in which they were before the accident. However, when the issue was joined between him and the State Insurance Fund's doctors, the injured employee paid no attention to the statute and proceeded to have his teeth repaired by a dentist of his own choice, without taking into account the Commission and without the intervention of the Manager,

who is the one responsible for the proper investment of the funds under his custody.

The method employed by the injured employee in this case cannot be accepted. If we were to approve it we would establish a precedent which would place the solvency of the State Insurance Fund in serious danger. It would be very difficult, after the treatment and discharge of an injured workman without the consent and authorization of the Commission, that it could appraise the true value of the services rendered to the workman. In the case at bar it does not appear that during the hearing of the case the slightest effort was made to find out whether the amount charged by the dentist represents the true and reasonable value of the services rendered to Mr. Pérez.

We want to set down that we have been surprised by the fact that an appeal which by its nature requires a prompt decision has remained for over a year—from November 3, 1939 to November 18, 1940—in the docket of the Commission, without it taking any action to decide whether the workman should accept the treatment offered by the State Fund or whether he had a right to receive a different treatment ordered by the Commission after the corresponding investigation had taken place. In the case at bar, no wrong was done to the workman because he appealed to the Commission after he had been treated; but which would be the situation of an injured workman who having taken his case to the Commission according to the statute would have to wait for over a year before the Commission decided the issue between him and the Manager? We are of the opinion that the Industrial Commission should order that appeals of this nature which involve the treatment and cure of a person injured in his work, should be heard and decided with preference to other appeals which are not of an urgent character.

For the aforesaid reasons we are of the opinion that the Industrial Commission erred in ordering the payment in this case and that the order appealed from must be reversed.